UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEFFREY SWETNAM,

    Plaintiff,

v.

DENNIS PETERSON, *et al.*,

    Defendants.

Case No. 1:18-cv-00503-AWI-EPG

**FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED AS BARRED BY THE FAVORABLE TERMINATION RULE**

(ECF No. 1)

**THIRTY (30) DAY DEADLINE**

Jeffrey Swetnam ("Plaintiff"), a prisoner in the custody of the Fresno County Sheriff's Office, is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 12, 2018, Plaintiff commenced this action by filing a Complaint against Martin Montgomery; Dennis Peterson, a Judicial Officer at Fresno County Superior Court; M. Siegal, an attorney at Fresno County Superior Court; T. Oppliger, a Deputy District Attorney at Fresno Superior Court; and E. Chavez, a Probation Officer at Fresno Superior Court (collectively, "Defendants"). (ECF No. 1).

This Court has screened the Complaint, and finds that Plaintiff fails to state a claim upon which relief can be granted because his claims are barred by the favorable termination rule. The Court will not recommend granting leave to amend, as further amendment would be futile.

**I. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners or detainees seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner or detainee has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Id.* The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendants aided and abetted in his conviction for monetary gain. (ECF No. 1 at 3). Fraud and forgery was committed using his name to extort money in violation of his right to be free from imprisonment as well as his right to speech, choice, freedom, privacy, and life. *Id.* Plaintiff also alleges that he was intimidated to plead guilty, and was lied to and treated as property without rights. *Id.* at 4. He was unlawfully convicted, and he fears for his life because he is in jail. *Id.* Plaintiff further alleges that his attempts for a motion of appeal were ignored. *Id.* at 5. Plaintiff also attaches to the Complaint a form complaint for Fresno County Superior Court, in which he states that his name and signature were forged and used on bid bonds,

2

payment bonds, performance bonds, and affidavit of individual surety without permission.

**III. DISCUSSION**

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable-termination rule laid out in *Heck* preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would ***necessarily*** render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487. "In evaluating whether claims are barred by *Heck,* an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates,* 312 F.3d 1148, 1153-54 (9th Cir.2002) (quoting *Heck*, 512 U.S. at 487).

The allegations in the Complaint fall squarely within the scope of the favorable termination rule. Plaintiff alleges that prosecutors and court staff improperly procured his conviction and imprisonment and have ignored his requests for an appeal. A favorable decision in this § 1983 action would, hence, necessarily render invalid any criminal conviction or sentence pursuant to which Plaintiff is currently confined. Plaintiff does not allege that his criminal conviction or sentence has been reversed, expunged, or otherwise invalidated. Accordingly, this action is barred under *Heck*.

If Plaintiff seeks to challenge his criminal conviction, he must appeal that conviction through the state court, and may file petition for writ of habeas corpus in federal court after exhausting appropriate avenues for relief.[1]

### IV. CONCLUSIONS AND RECOMMENDATIONS

Plaintiff's claims are barred under *Heck*, and thus, he has failed to state a claim upon which relief may be granted. The Court does not recommend granting leave to amend. The legal issues raised in this order cannot be cured by additional facts, and thus, further amendment would be futile.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case be DISMISSED for failure to state a claim; and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 10, 2018**        /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Note that there are rules regarding such petitions, including the requirement to exhaust state remedies and to abide by certain time requirements.

4